**Terry G. HAYES, Plaintiff–Appellant,**

v.

**CITY OF MT. WASHINGTON, Kentucky; Mt. Washington Police Department; Stephen D. Hill, Officer, Defendants–Appellees.**

No. 02–5047.

United States Court of Appeals, Sixth Circuit.

Aug. 6, 2002.

Before SILER, COLE, and CLAY, Circuit Judges.

## ORDER

Terry G. Hayes, a pro se Kentucky plaintiff, appeals a district court order granting summary judgment to the defendants and dismissing his amended civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking six million dollars in damages, Hayes filed a complaint and, subsequently, an amended complaint against the City of Mt. Washington, Kentucky; the Mt. Washington Police Department; and Officer Stephen D. Hill for allegedly violating his right to be free from unreasonable search and seizure under the Fourth Amendment. Hayes alleged that Hill illegally stopped his car on November 12, 2000, and that his resulting arrest on drug charges violated his Fourth Amendment rights. He further alleged that he was deprived of his liberty without due process of law and was subjected to excessive bail in violation of the Eighth Amendment. Hill added supplemental state tort claims for false imprisonment and outrage.

The district court granted the defendants' motion for summary judgment in a memorandum and order entered on November 27, 2001. The district court found that Officer Hill was entitled to qualified immunity because he had reasonable suspicion to support the initial stop and the other events, including Hayes's arrest for possession of marijuana, were supported by probable cause. The district court further determined that nothing in the facts

alleged meets the high standard for the Kentucky tort of outrage. Hayes's motion for reconsideration was denied in an order entered on January 3, 2002.

On appeal, Hayes continues to argue that the stop of his vehicle and his arrest were illegal under the Fourth and Fourteenth Amendments.

This court reviews *de novo* an order granting summary judgment. *Thompson v. Ashe,* 250 F.3d 399, 405 (6th Cir.2001). Summary judgment is proper only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.; see also* Fed.R.Civ.P. 56(c). "In considering a motion for summary judgment, the court must consider 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any,' in the light most favorable to the nonmovant." *Id.* (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "However, the party opposing the motion may not rely solely on his pleadings and must present more than a mere scintilla of evidence; if the nonmoving party fails to make a sufficient showing on an essential element of the case with respect to which the nonmovant has the burden, the moving party is entitled to summary judgment as a matter of law." *Id.*

■ As an initial matter, Hayes does not argue on appeal his claims relating to excessive bail or Kentucky tort law. Therefore, those claims are considered to be abandoned and are not reviewable. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996); *see also United States v. Layne,* 192 F.3d 556, 566 (6th Cir.1999).

■ Officer Hill is entitled to summary judgment on Hayes's unreasonable search and seizure claim for the reasons stated by the district court. Hayes's argument relies upon his belief that the initial stop of his automobile was illegal. However, police may briefly stop an individual, including an individual in a vehicle, for investigation if they have a reasonable suspicion that the individual has committed a crime. *Houston v. Clark County Sheriff Deputy John Does 1–5,* 174 F.3d 809, 813 (6th Cir.1999). Reasonable suspicion "requires 'specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant' an investigatory stop." *Id.* (quoting *Terry v. Ohio,* 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)). In this case, the undisputed facts were sufficient to provide justification for the officer's initial stop of Hayes and his subsequent arrest, thus precluding a Fourth or Fourteenth Amendment violation. In any event, the district court did not err in finding that these facts were sufficient to provide qualified immunity to Hayes. Qualified immunity protects government officials performing discretionary functions from liability for civil damages as long as " 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Sova v. City of Mt. Pleasant,* 142 F.3d 898, 902 (6th Cir.1998) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

■ When a § 1983 claim is made against a municipality, two distinct issues must be analyzed: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the city is responsible for that violation. *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992); *accord Napier v. Madison County, Ky.,* 238 F.3d 739, 743 (6th Cir.2001). "[W]here no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983." *Watkins v. City of Battle Creek,* 273 F.3d 682, 687 (6th Cir.2001). Because there was no constitutional viola-

tion in this case, the City of Mt. Washington is also entitled to summary judgment.

 The Mt. Washington Police Department appears to have been named as a defendant simply because it is Officer Hill's employer. However, the doctrine of respondeat superior does not apply in § 1983 actions to impute liability to supervisory personnel; rather, in order to find them liable, the plaintiff must allege that the supervisors condoned, encouraged, or knowingly acquiesced in the alleged misconduct. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999); *DePiero v. City of Macedonia,* 180 F.3d 770, 786 (6th Cir.1999). Hayes has not made any such allegations.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.